1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES FORKUM,<br><br>   Plaintiff,<br><br> vs.<br><br>CO-OPERATIVE ADJUSTMENT<br>BUREAU, INC.,<br><br>   Defendant. | Case No:  C 13-0811 SBA<br><br>**ORDER GRANTING MOTION<br>FOR SUMMARY JUDGMENT**<br><br>Docket 33 |

   Plaintiff James Forkum ("Plaintiff") brings the instant action against Defendant Co-Operative Adjustment Bureau, Inc. ("Defendant") alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. See Dkt. 16. The parties are presently before the Court on Plaintiff's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Dkt. 33. Defendant opposes the motion. Dkt. 34. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion for summary judgment, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

   The Court finds the following facts undisputed. Plaintiff is a consumer as defined by the FDCPA and was the object of a collection activity arising from a consumer debt. Defendant is a "debt collector" as defined by the FDCPA. In or around December 2012,

Defendant's representative, George Woodruff ("Woodruff"), placed several telephone calls

to Plaintiff in an attempt to collect a consumer debt.  Plaintiff spoke with Woodruff about

his consumer debt prior to Woodruff leaving the following voicemail message:

> Yeah, Mr. Forkum this is George Woodruff at CO-Operative.  Uh, you know you called me Friday, I think I left you a message on Saturday, but uh, anyway, uh, give me a buzz, my number is 800-331-0009, my extension is 108.  Thanks.

On February 21, 2013, Plaintiff commenced the instant action alleging claims under

the FDCPA and the RFDCPA predicated on Woodruff's failure to identify himself as a debt

collector in the above voicemail message.  Compl., Dkt. 1.  A first amended complaint was

filed on May 29, 2013.[1]  Dkt. 16.  On April 7, 2014, Plaintiff filed a motion for summary

judgment. Dkt. 33.  On April 21, 2014, Defendant filed an opposition.  Dkt. 34.  A reply

was filed on April 28, 2014.  Dkt. 35.

## II.    LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense . . . on

which summary judgment is sought.  The court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

The moving party's burden on summary judgment depends on whether it bears the

burden of proof at trial with respect to the claim or defense at issue.  When the party

moving for summary judgment would bear the burden of proof at trial, it must come

forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial.  See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants,

Inc., 213 F.3d 474, 480 (9th Cir. 2000).  In such a case, the moving party has the initial

burden of establishing the absence of a genuine dispute of fact on each issue material to its

case.  Id.  However, when the nonmoving party has the burden of proof at trial, the moving

party can meet its burden on summary judgment by pointing out that there is an absence of

---

[1] The complaint was amended to correct a typographical error.

1  evidence to support the nonmoving party's case.  Devereaux v. Abbey, 263 F.3d 1070,

2  1076 (9th Cir. 2001).

3      Once the moving party has met its burden, the burden shifts to the nonmoving party

4  to designate specific facts showing a genuine dispute for trial.  Celotex Corp. v. Catrett, 477

5  U.S. 317, 324 (1986).  To carry this burden, the non-moving party must "do more than

6  simply show that there is some metaphysical doubt as to the material facts."  Matsushita

7  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "The mere existence of

8  a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury

9  could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.

10  **III.    DISCUSSION**

11      Plaintiff moves for summary judgment on the ground that Woodruff's failure to

12  identify himself as a debt collector in his December 2012 voicemail message violated the

13  FDCPA and RFDCPA as a matter of law.  In addition, Plaintiff moves for summary

14  judgment on Defendant's bona fide error affirmative defense on the ground that Defendant

15  has no evidence to support this defense.

16      **A.    FDCPA Claim**

17      Plaintiff's first claim for relief alleges that Defendant violated § 1692e of the

18  FDCPA by using false, deceptive or misleading representations or means in connection

19  with the collection of a debt.  Specifically, Plaintiff alleges that Defendant violated §

20  1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.  Plaintiff

21  further alleges that Defendant violated § 1692e(11) of the FDCPA because Woodruff failed

22  to disclose in a communication with Plaintiff that he is a debt collector.

23      "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to

24  be an industry-wide pattern of and propensity towards abusing debtors."  Clark v. Capital

25  Credit & Collection Services, Inc., 460 F.3d 1162, 1171 (9th Cir. 2006).  It prohibits and

26  imposes strict liability and both statutory and actual damages for a wide range of abusive

27  and unfair practices.  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

28  Because the FDCPA is a remedial statute, it is construed liberally in favor of the consumer.

1  Id. at 1033-1034 ("the FDCPA should be construed liberally to effect its remedial

2  purpose").

3      The FDCPA prohibits "debt collectors" from using "any false, deceptive, or

4  misleading representation or means in connection with the collection of any debt."

5  15 U.S.C. § 1692e.  Section 1692e identifies specific conduct that violates the FDCPA.

6  Section 1692e(10) provides that "[t]he use of any false representation or deceptive means to

7  collect or attempt to collect any debt or to obtain information concerning a consumer" is a

8  violation of the Act.  15 U.S.C. § 1692e(10).  Section 1692e(11) provides that "[t]he failure

9  to disclose in the initial . . . communication with the consumer . . . that the debt collector is

10  attempting to collect a debt and that any information obtained will be used for that purpose,

11  and the failure to disclose in subsequent communications that the communication is from a

12  debt collector" violates the Act.  15 U.S.C. § 1692e(11).

13      Whether conduct violates § 1692e requires an objective analysis that takes into

14  account whether "the least sophisticated debtor would likely be misled by a

15  communication."  Donohue, 592 F.3d at 1030.  A debt collector's liability under § 1692e of

16  the FDCPA is an issue of law.  Gonzales v. Arrow Financial Servs., Inc., 660 F.3d 1055,

17  1061 (9th Cir. 2011).

18      Here, although the plain language of § 1692e(11) requires a debt collector to identify

19  himself as such in all communications following the initial communication with a

20  consumer,[2] and it is undisputed that Woodruff failed to do so with respect to the voicemail

21  message giving rise to this action, Defendant nevertheless contends that summary judgment

22  is inappropriate because Plaintiff was fully aware that Woodruff was a debt collector

23  representing a collection agency.  The Court disagrees.

24      District courts in the Ninth Circuit have held that the failure of a debt collector to

25  identify himself as such in *all* communications following the initial communication with a

26  consumer is a violation of § 1692e(11).  See e.g., Pasquale v. Law Offices of Nelson &

27
        [2] It is undisputed that the voicemail at issue was not the initial communication

28  between the parties regarding Plaintiff's debt.

1  Kennard, 940 F.Supp.2d 1151, 1158 (N.D. Cal. 2013); Savage v. NIC, Inc., 2009 WL

2  2259726, at *6 (D. Ariz. 2009); Schwarm v. Craighead, 552 F.Supp.2d 1056, 1081-1082

3  (E.D. Cal. 2008); Hosseinzadeh v. M.R.S. Associates., Inc., 387 F.Supp.2d 1104, 1116

4  (C.D. Cal. 2005).  The Court agrees with the reasoning of these cases.  The Court finds that

5  the clear and unambiguous language of the FDCPA governs this case; it requires a debt

6  collector to identify himself as such in all subsequent communications with a consumer.

7  Defendant, for its part, has failed to cite any controlling authority or provide persuasive

8  legal analysis demonstrating that summary judgment is inappropriate.  Accordingly,

9  Plaintiff's motion for summary judgment on his FDCPA claim is GRANTED to the extent

10  that it is predicated on a violation of § 1692e(11).

11      To the extent Plaintiff contends that the Court should find that Defendant violated §

12  1692e(10) as a matter of law simply because Defendant violated § 1692e(11), the Court

13  disagrees.  Section 1692e(10) has been referred to as a "catchall" provision.  Gonzales, 660

14  F.3d at 1062.  As noted above, it prohibits "[t]he use of any false representation or

15  deceptive means to collect or attempt to collect any debt or to obtain information

16  concerning a consumer."  15 U.S.C. § 1692e(10).  Here, while Woodruff's failure to

17  identify himself as a debt collector in violation of § 1692e(11) is arguably a "deceptive"

18  means to attempt to collect a debt, Plaintiff has not cited any controlling authority or

19  provided persuasive legal analysis demonstrating that Defendant violated § 1692e(10).

20  Accordingly, Plaintiff has failed to sustain his burden to show that he is entitled to

21  summary judgment on his FDCPA claim predicated on a violation of § 1692e(10).

22      **B.      RFDCPA Claim**

23      "California has adopted a state version of the FDCPA, called the Rosenthal Act,"

24  i.e., the RFDCPA.  Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012).  The

25  RFDCPA "mimics or incorporates by reference the FDCPA's requirements . . . and makes

26  available the FDCPA's remedies for violations."  Id.  "[W]hether [conduct] violates the

27  [RFDCPA] turns on whether it violates the FDCPA."  Id.  Thus, "a plaintiff who recovers

28  under the FDCPA is entitled to damages under the corresponding section of the RFDCPA."

1 | <u>Costa v. Nat'l Action Financial Servs.</u>, 634 F.Supp.2d 1069, 1077 (E.D. Cal. 2007).

2 | Moreover, the RFDCPA's "remedies are cumulative and available even when the FDCPA

3 | affords relief." <u>Gonzalez</u>, 660 F.3d at 1069.  Accordingly, because Plaintiff is entitled to

4 | summary judgment on his FDCPA claim predicated on a violation of § 1692e(11), he is

5 | also entitled to judgment as a matter of law on his RFDCPA claim.  Therefore, Plaintiff's

6 | motion for summary judgment on his RFDCPA claim is GRANTED.

7 |        **C.**     **Bona Fide Error Affirmative Defense**

8 |        Plaintiff moves for summary judgment on Defendant's bona fide error affirmative

9 | defense on the ground that Defendant does not have any evidence to support this defense.

10 | While the FDCPA makes debt collectors liable for violations that are not knowing or

11 | intentional, it provides a "narrow exception to strict liability," for bona fide errors.

12 | <u>Reichert v. National Credit Systems, Inc.</u>, 531 F.3d 1002, 1005 (9th Cir. 2008).  The

13 | statutory bona fide error defense provides:

14 |        A debt collector may not be held liable in any action brought under this
       subchapter if the debt collector shows by a preponderance of evidence that

15 |        the violation was not intentional and resulted from a bona fide error
       notwithstanding the maintenance of procedures reasonably adapted to avoid

16 |        any such error.

17 | 15 U.S.C. § 1692k(c).

18 |        The bona fide error defense is an affirmative defense, for which the debt collector

19 | has the burden of proof.  <u>Reichert</u>, 531 F.3d at 1006.  The defense requires the defendant to

20 | show that it maintains procedures to avoid errors.  <u>Id.</u>  A debt collector fails to meet its

21 | burden under the defense when it does not produce evidence of "reasonable preventive

22 | procedures" aimed at avoiding the errors.  <u>Id.</u>

23 |        Here, Defendant provided no response to Plaintiff's motion for summary judgment

24 | on Defendant's bona fide error defense.  When, as here, the nonmoving party (i.e.,

25 | Defendant) has the burden of proof at trial, the moving party can meet its burden on

26 | summary judgment by pointing out that there is an absence of evidence to support the

27 | nonmoving party's case.  <u>Devereaux</u>, 263 F.3d at 1076.  If the movant meets its burden, the

28 | burden shifts to the nonmovant to show summary judgment is inappropriate.  <u>See</u> <u>Celotex</u>,

1    477 U.S. at 324; <u>C.A.R.</u>, 213 F.3d at 480.  The nonmovant must go beyond the pleadings to

2    designate specific facts showing there are genuine factual issues which "can be resolved

3    only by a finder of fact because they may reasonably be resolved in favor of either party."

4    <u>Anderson</u>, 477 U.S. at 250.  The Court finds that Plaintiff has met his initial burden on

5    summary judgment by pointing out that there is an absence of evidence to support

6    Defendant's bona fide error affirmative defense.  The burden therefore shifts to Defendant

7    to come forward with evidence to support this defense.  Defendant has failed to do so.

8    Defendant has not identified any specific facts showing that summary judgment is

9    inappropriate.  Accordingly, Plaintiff's motion for summary judgment on Defendant's bona

10   fide error affirmative defense is GRANTED.

11          **D.      Damages, Costs, and Attorney's Fees**

12          In an action brought by an individual, a debt collector who fails to comply with any

13   provision of the FDCPA is liable to that individual in an amount equal to the sum of:  (1)

14   any actual damages sustained as a result of such failure; (2) any additional damages as the

15   court may allow, but not exceeding $1,000; and (3) costs of the action, together with

16   reasonable attorney's fees.  15 U.S.C. § 1692k(a).  In determining the amount of liability,

17   the court must consider, among other relevant factors, the frequency and persistence of

18   noncompliance by the debt collector, the nature of such noncompliance, and the extent to

19   which such noncompliance was intentional.  15 U.S.C. § 1692k(b)(1).

20          Under the RFDCPA, any debt collector that violates the Act with respect to any

21   debtor is liable to that individual in an amount equal to the sum of any actual damages

22   sustained by the individual as a result of the violation.  Cal. Civ. Code § 1788.30(a).  Any

23   debt collector who willfully and knowingly violates the RFDCPA with respect to any

24   debtor is, in addition to actual damages sustained by the debtor as a result of the violation,

25   also liable to the debtor for a penalty in such amount as the court may allow, which shall be

26   no less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

27   Cal. Civ. Code § 1788.30(b).  A prevailing plaintiff in an action brought under the

28

1  RFDCPA is entitled to costs of the action and reasonable attorney's fees.  Cal. Civ. Code §

2  1788.30(c).

3       Here, Plaintiff has provided no argument or evidence with respect to damages, costs,

4  or attorney's fees.  As such, the Court lacks a basis to rule on this issue.  Therefore, the

5  Court declines to determine, at this juncture, the amount of damages, costs, and attorney's

6  fees Plaintiff is entitled to as a result of Defendant's violation of the FDCPA and RFDCPA.

7  However, as set forth below, the Court will afford the parties an opportunity to provide

8  briefing on this issue.

9  **IV.    CONCLUSION**

10      For the reasons stated above, IT IS HEREBY ORDERED THAT:

11      1.     Plaintiff's motion for summary judgment is GRANTED.  Summary judgment

12  is granted in favor of Plaintiff on his FDCPA and RFDCPA claims with respect to liability.

13  Summary judgment is also granted in favor of Plaintiff on Defendant's bona fide error

14  affirmative defense.

15      2.     Within seven (7) days from the date this Order is filed, Plaintiff shall file a

16  memorandum, not to exceed five (5) pages, addressing his entitlement to damages, costs,

17  and attorney's fees as a result of Defendant's violation of the FDCPA and RFDCPA.

18  Defendant shall file a response, not to exceed five (5) pages, by no later than seven (7) days

19  from the date Plaintiff's brief is due.  Upon the completion of briefing, the Court will take

20  this matter under submission without oral argument.

21      3.     The Clerk shall close the file and terminate all pending matters.

22      IT IS SO ORDERED.

23  Dated:  5/21/2014

24                                   _____
                                          SAUNDRA BROWN ARMSTRONG
25                                        United States District Judge

26

27

28