1
2
3
4            UNITED STATES DISTRICT COURT
5        FOR THE NORTHERN DISTRICT OF CALIFORNIA
6                    OAKLAND DIVISION
7
8

| JAMES FORKUM, | Case No:  C 13-0811 SBA |
| Plaintiff, | **ORDER** |
| vs. | Docket 38 |
| CO-OPERATIVE ADJUSTMENT BUREAU, INC., | |
| Defendant. | |

Plaintiff James Forkum ("Plaintiff") brings the instant action against Defendant Co-Operative Adjustment Bureau, Inc. ("Defendant") alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq.  See Dkt. 16.  On May 22, 2014, the Court granted summary judgment in favor of Plaintiff on his FDCPA and RFDCPA claims.  Dkt. 37.  The parties are presently before the Court on Plaintiff's motion for statutory damages, attorney's fees, and costs.  Dkt. 38.  Defendant opposes the motion.  Dkt. 39.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **DISCUSSION**

In the instant motion, Plaintiff does not seek actual damages.  Instead, Plaintiff seeks an award of $24,261.90, consisting of:  (1) statutory damages under the FDCPA in the

amount of $1,000; (2) statutory damages under the RFDCPA in the amount of $1,000; (3) attorney's fees in the amount of $21,097.30; and (4) costs in the amount of $1,164.60.  In response, Defendant does not dispute that Plaintiff is entitled to an award of statutory damages under the FDCPA.  However, Defendant contends that Plaintiff is not entitled to an award of statutory damages under the RFDCPA because there has been no showing that Defendant willfully and knowingly violated the statute.  In addition, while Defendant does not dispute that Plaintiff is entitled to an award of attorney's fees and costs under the FDCPA and RFDCPA, Defendant challenges the reasonableness of Plaintiff's attorney's fees request.

### A.    Statutory Damages

#### 1.    FDCPA

If a debt collector fails to comply with any provision of the FDCPA, a plaintiff may recover statutory damages not to exceed $1,000.  15 U.S.C. § 1692k(a)(2)(A).  In determining the amount of liability, the court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

In granting summary judgment for the Plaintiff, the Court found that Defendant violated the FDCPA and RFDCPA when its employee failed to identify himself as a debt collector in a voicemail message left for Plaintiff concerning the collection of a consumer debt.  Given the nature and extent of Defendant's noncompliance with the FDCPA and the lack of evidence suggesting that Defendant's noncompliance was intentional, the Court finds that an award of $250 dollars in statutory damages is appropriate.  See Mejia v. Marauder Corp., 2007 WL 806486, at *11 (N.D. Cal. 2007) (concluding that $250 in statutory damages was appropriate where there was only a single collection letter and the violations of the FDCPA were not frequent or persistent).  Plaintiff has failed to show that a maximum statutory damage award is warranted for a single violation of the FDCPA.  Plaintiff has not submitted any evidence demonstrating that Defendant has frequently or

persistently failed to comply with the FDCPA or that Defendant's employee failed to identify himself as a debt collector in an attempt to intentionally circumvent the purpose of the FDCPA.[1]  Rather, it appears that the employee simply made a mistake.

### 2.    RFDCPA

If a debt collector willfully and knowingly violates any provision of the RFDCPA, a plaintiff may recover no less than $100 but no more than $1,000.  Cal. Civ. Code § 1788.30(b).  Such damages may be awarded cumulatively to those awarded under the FDCPA.  <u>Gonzales v. Arrow Financial Servs., Inc.</u>, 660 F.3d 1055, 1069 (9th Cir. 2011); <u>see</u> 15 U.S.C. § 1692n ("This subchapter does not . . . exempt any person . . . from complying with the laws of any State with respect to debt collection practices. . . ."); Cal. Civ. Code § 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.").

The Court finds that Plaintiff has failed to demonstrate that he is entitled to statutory damages under the RFDCPA.  Unlike the FDCPA, a plaintiff seeking to recover statutory damages[2] under the RFDCPA must show that the defendant willfully and knowingly violated the statute.  Cal. Civ. Code § 1788.30(b).  Plaintiff has not made such a showing.  Indeed, in moving for summary judgment, Plaintiff did not argue or offer any evidence demonstrating that Defendant willfully and knowingly violated the RFDCPA.  Accordingly, a statutory damage award under the RFDCPA is not appropriate.

### B.    Attorney's Fees

Under both the FDCPA and the RFDCPA, a prevailing plaintiff is entitled to an award of reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c).  "The FDCPA's statutory language makes an award of fees mandatory.  The

---

[1] The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

[2] A plaintiff need not show that a debt collector willfully and knowingly violated the RFDCPA to recover actual damages.  Cal. Civ. Code § 1788.30(a).

1  reason for mandatory fees is that Congress chose a private attorney general approach to
2  assume enforcement of the FDCPA." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978
3  (9th Cir. 2008) (citation and quotation marks omitted).  District courts must calculate
4  awards for attorney's fees using the lodestar method, and the amount of that fee must be
5  determined on the facts of each case.  Id.  The lodestar is calculated by multiplying the
6  number of hours the prevailing party reasonably expended on the litigation by a reasonable
7  hourly rate.  Id.  The lodestar is deemed to be presumptively reasonable, though a district
8  court has the discretion to consider an upward or downward adjustment.  Id.  The party
9  seeking an award of fees bears the burden of submitting evidence supporting the hours
10  worked and the rates claimed.  See Hensley v. Eckerhart, 461 U.S 424, 433 (1983); Welch
11  v. Metropolitan Life Ins. Co., 480 F.3d 942, 945-946 (9th Cir. 2007).

12  Plaintiff requests an award of attorney's fees in the amount of $21,097.30,
13  comprised of 61 hours of attorney time at hourly rates ranging from $290 per hour to $387
14  per hour, and 5.2 hours of paralegal time at an hourly rate of $145 per hour.  Pl.'s Mot. at 4.
15  Defendant does not oppose Plaintiff's entitlement to attorney's fees and costs.  Instead,
16  Defendant opposes the amount of the fees requested on the ground that the hours expended
17  by Plaintiff's counsel were unreasonable.  Def.'s Opp. at 3.  Specifically, Defendant argues,
18  without further elaboration, that "plaintiff undertook inordinate efforts which appear to
19  defendant to have been primarily intended solely to run up an extremely high attorney fee
20  award.  Plaintiff propounded Requests for Admissions (18); Requests for Production of
21  Documents (16); Interrogatories (18); Requests to Admit Genuineness of Documents (13);
22  and one deposition." Id.  According to Defendant, "[v]ery little of this discovery was
23  necessary to establish plaintiff's alleged technical violation of the act." Id.  The Court
24  construes Defendant's argument as contending that Plaintiff's claimed hours regarding
25  discovery related tasks are "excessive or otherwise unnecessary."

26            **1.      Reasonableness of Hours Expended**
27  In determining a reasonable number of hours, the court must review detailed time
28  records to determine whether the hours claimed by the applicant are adequately

documented and whether any of the hours were unnecessary, duplicative or excessive. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). "[A] district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks omitted). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S at 433.

In support of his request for attorney's fees, Plaintiff provided itemized records detailing the services rendered by his attorneys, broken down by task, and the hourly rate billed by the attorney performing a particular task. Dkt. 38-1. Defendant contends that Plaintiff's claimed hours regarding discovery related tasks are "excessive or otherwise unnecessary." As the party challenging the hours claimed by Plaintiff, Defendant has the burden of rebuttal, which requires submission of evidence challenging the accuracy and reasonableness of the facts asserted by the Plaintiff in its submitted affidavits. Camacho, 523 F.3d at 980.

Having reviewed the billing records submitted by Plaintiff and considered Defendants argument, the Court finds that Defendant has failed to demonstrate that the hours billed by Plaintiff's counsel regarding discovery related tasks are unreasonable. A review of the billing records reveals that Plaintiff's counsel spent approximately 10 hours on such tasks, including the taking of Defendant's deposition. See Dkt. 38-1. Defendant, for its part, has not shown that the time Plaintiff's counsel spent on any particular discovery related task was excessive, redundant, or otherwise unnecessary. For instance, Defendant failed to show that Plaintiff's written discovery requests were unrelated to Plaintiff's theories or claims in the case. Accordingly, because the Court finds that the time billed by

1    Plaintiff's counsel on this matter could reasonably have been billed to a private client, the

2    Court will not exclude any hours from the lodestar.

3                        **2.      Reasonableness of Hourly Rates Charged**

4            The determination of the applicable, reasonable hourly rate "is not made by

5    reference to rates actually charged the prevailing party." Chalmers, 796 F.2d at 1210

6    (internal quotation marks omitted).  The burden is on the plaintiff to produce evidence that

7    the requested rates are in line with those prevailing in the community for similar services

8    by lawyers of reasonably comparable skill, experience, and reputation.  Blum v. Stenson,

9    465 U.S. 886, 895 n. 11 (1984).  The relevant community for purposes of determining the

10   prevailing market rate is generally the "forum in which the district court sits." Camacho,

11   523 F.3d at 979.  "Affidavits of the plaintiffs' attorney and other attorneys regarding

12   prevailing fees in the community, and rate determinations in other cases, particularly those

13   setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market

14   rate." United Steelworkers of America v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir.

15   1990).

16           In support of the hourly rates charged, Plaintiff submitted the Declaration of Ryan

17   Lee, the Declaration of Matthew Rosenthal, the Laffey Matrix, and the United States

18   Consumer Law Attorney Fee Survey Report (2010-2011).  See Dkt. 38-3, 38-4.  The Laffey

19   Matrix is prepared by the Civil Division of the United States Attorney's Office for the

20   District of Columbia.  Dkt. 38-4.  It is a chart of hourly rates for attorneys of varying

21   experience levels based on "the range of rates that prevail in the Washington, D.C. area."

22   Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354, 374 (D.D.C. 1983), aff'd in part, rev'd

23   in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984).  The Consumer Law Attorney Fee

24   Survey Report provides median attorney billing rates for California as a whole.  Dkt. 38-3.

25           The evidence submitted by Plaintiff in support of the instant motion is largely

26   unhelpful in determining the reasonable hourly rates for the attorneys that worked on this

27   case.  The Laffey Matrix and the Consumer Law Attorney Fee Survey are not reliable

28   measures of rates in the Northern District of California because they provide no data on the

prevailing hourly rates charged in this District.  See Fitzgerald v. Law Office of Curtis O. Barnes, 2013 WL 1627740, at *2 (E.D. Cal. 2013) ("Neither the Laffey Matrix nor the Consumer Law Attorney Fee Survey Report provide data on prevailing rates in the Eastern District of California, Fresno Division.  Hence both are irrelevant to determining reasonable hourly rates for Plaintiff's counsel."); see also Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010) ("[J]ust because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away. . . . We thus cannot fault the district court for declining to use the Laffey matrix."); Freitag v. California Dept. of Corrections, 2009 WL 2485552, at *2 (N.D. Cal. 2009) ("In this Circuit, the starting point for determining reasonable fees is not the Laffey Matrix, but the "lodestar.").  Further, other than Lee's averment that he obtained his Juris Doctorate degree in 2004 from Santa Clara and has been continuously licensed to practice law in California since March 2005 and in Arizona since 2006, the Lee declaration does not provide any information that assists the Court in determining his reasonable hourly rate.  Lee Declaration ¶ 2, Dkt. 38-2.  Likewise, other than Rosenthal's averment that he obtained his Juris Doctorate degree in 2010 from Depaul University College of Law and has been continuously licensed to practice law in Illinois since November 2010 and in California since December 2011, the Rosenthal declaration does not provide any information that assists the Court in determining his reasonable hourly rate.  Rosenthal Decl. ¶ 2, Dkt. 38-2.

The Court finds that Plaintiff has failed to satisfy his burden to show that the rates billed by the attorneys that worked on this case are consistent with the rates for attorneys of comparable skill, experience, and reputation litigating similar cases in the Northern District of California.  The declarations submitted by Plaintiff are inadequate because they fail to set forth the relevant skill, experience, and reputation of the attorneys that worked on this case.  Further, Plaintiff has not submitted a declaration from an expert or a consumer law attorney attesting that the hourly rates charged his counsel are in line with the rates charged by other consumer attorneys practicing in the Northern District of California with

1  comparable skill, experience, and reputation.  Nor did Plaintiff cite any cases from this

2  District approving the rates charged by the attorneys that worked on this case.

3  Accordingly, Plaintiff has failed to show that the rates charged by his counsel - $387 (Ryan

4  Lee), $290 (Rory Leisinger), and $290 (Matthew Rosenthal) - are reasonable.

5                                    **3.      Conclusion**

6        Given Plaintiff's failure to produce evidence demonstrating that the hourly rates

7  charged by his counsel are reasonable, Plaintiff's request for attorney's fees in the amount

8  of $21,097.30 is DENIED.  However, the Court will afford Plaintiff the opportunity to

9  submit a supplemental brief, not to exceed five (5) pages, addressing this issue.

10       **C.      Costs**

11       Plaintiff seeks $1,164.60 in costs and has submitted a statement of itemized costs in

12  support of his request.  Pl.'s Mot. at 4.  Plaintiff seeks reimbursement for filing fees, travel

13  costs, service fees, and court reporter fees.  Dkt. 38-1.  Defendant has not challenged any

14  item of costs.  Having reviewed Plaintiff's statement of costs, the Court finds that the costs

15  Plaintiff seeks to recover were reasonably incurred and recoverable.  See Garcia v.

16  Resurgent Capital Services, L.P., 2012 WL 3778852, at *12 (N.D. Cal. 2012) ("Courts in

17  this district have held in FDCPA cases, 'expenses that are generally charged to paying

18  clients may be awarded, even though they are not normally taxable as costs.' ").

19  According, Plaintiff's motion for costs in the amount of $1,164.60 is GRANTED.

20  **II.    CONCLUSION**

21       For the reasons stated above, IT IS HEREBY ORDERED THAT:

22       1.      Plaintiff's motion for an award of statutory damages, attorney's fees, and

23  costs is GRANTED IN PART AND DENIED IN PART.  Plaintiff's motion is granted to

24  the extent it seeks an award of statutory damages under the FDCPA.  Plaintiff is awarded

25  $250 in statutory damages.  Plaintiff's motion is granted to the extent it seeks costs in the

26  amount of $1,164.60.  Plaintiff's motion is denied to the extent it seeks statutory damages

27  under the RFDCPA and an award of attorney's fees.  Plaintiff may submit a supplemental

28

brief, not to exceed five (5) pages, addressing the deficiencies identified above by no later than seven (7) days from the date this Order is filed.

        2.     This Order terminates Docket 38.

        IT IS SO ORDERED.

Dated:  7/3/2014

                                      SAUNDRA BROWN ARMSTRONG
                                      United States District Judge