UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES FORKUM,<br><br>          Plaintiff,<br><br>     vs.<br><br>CO-OPERATIVE ADJUSTMENT BUREAU, INC.,<br><br>          Defendant. | Case No: C 13-0811 SBA<br><br>**ORDER**<br><br>Docket 41 |

Plaintiff James Forkum ("Plaintiff") brings the instant action against Defendant Co-Operative Adjustment Bureau, Inc. ("Defendant") alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. See Dkt. 16. On May 22, 2014, the Court granted summary judgment in favor of Plaintiff on his FDCPA and RFDCPA claims. Dkt. 37. On July 3, 2014, the Court granted in part and denied in part Plaintiff's motion for statutory damages, attorney's fees, and costs. Dkt. 40. With respect to attorney's fees, Plaintiff's motion was denied without prejudice to the filing of a supplemental brief regarding the reasonableness of the hourly rates charged by the individuals that worked on this case. Id. On July 10, 2014, Plaintiff filed a supplemental brief. Dkt. 41. For the reasons stated below, Plaintiff's motion for attorney's fees in the amount of $21,097.30 is GRANTED.

## I.     DISCUSSION

Plaintiff requests an award of attorney's fees in the amount of $21,097.30, comprised of 61 hours of attorney time at hourly rates ranging from $290 per hour to $387 per hour, and 5.2 hours of paralegal time at an hourly rate of $145 per hour. Because the

Court previously determined that the hours expended on this case were reasonable, the remaining question is whether the hourly rates charged by the individuals that worked on this case were reasonable.

The determination of the applicable, reasonable hourly rate "is not made by reference to rates actually charged the prevailing party." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal quotation marks omitted).  The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984).  The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of America v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

In support of the hourly rates charged, Plaintiff submitted declarations from two attorneys that worked on this case (Ryan Lee and Matthew Rosenthal), the Laffey Matrix, and the United States Consumer Law Attorney Fee Survey Report (2010-2011).[1]  In connection with its supplemental brief, Plaintiff submitted declarations from five consumer protection attorneys:  Steven Solomon, Nicholos Bontrager, Todd Friedman, G. Thomas Martin, III, and James Pacitti.  Each of these attorneys aver that they are experienced in consumer litigation and are familiar with the prevailing hourly rates charged by consumer lawyers in the Northern District of California.  These attorneys also aver that the hourly rates charged in this case are commensurate with the prevailing rates charged by consumer lawyers in this District with similar experience.  Further, three of the consumer protection

---

[1] The Court previously discussed the inadequacies of the evidence Plaintiff submitted in support of his motion for attorney's fees.  The Court will not repeat that discussion in this Order.

attorneys[2] aver that, based upon their experience practicing consumer law and their experience and research regarding the rates for consumer litigators in this District, they believe that the rate charged by the paralegal that worked on this case is reasonable.

Having reviewed the evidence submitted in connection with Plaintiff's motion for attorney's fees, the Court finds that Plaintiff has satisfied his burden to show that the rates charged by the individuals that worked on this case are consistent with the rates charged by individuals with comparable skill, experience, and reputation litigating similar cases in the Northern District of California. Accordingly, Plaintiff's motion for attorney's fees in the amount of $21,097.30 is GRANTED.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees in the amount of $21,097.30 is GRANTED.

IT IS SO ORDERED.

Dated:  8/4/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The three consumer protection attorneys are Mr. Bontrager, Mr. Martin, and Mr. Pacitti.